E-FILED
Friday, 06 February, 2009  04:33:51 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KEVIN KANE, | ) |
| Petitioner, | ) |
| v. | ) Case No. 08-1159 |
| JEROME ZUERCHER, Warden, | ) |
| Respondent. | ) |

**O R D E R**

This matter is now before the Court on Kevin Kane's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  For the reasons set forth below, Kane's Petition [#1] is DISMISSED WITHOUT PREJUDICE.

**Background**

Kane filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  He is currently incarcerated at the Federal Correctional Institution in Pekin, Illinois ("FCI Pekin").  He was convicted in the U.S. District Court for the Northern District of Illinois and is currently serving a 78 month sentence for attempted possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 846, and 18 U.S.C. § 2, and possession of a firearm in connection with a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2.  His projected release date is January 13, 2010.

Kane states that he was arrested on April 15, 2002, in relation to a home invasion and charged in the Cook County Circuit Court.  While detained by state

authorities, a federal grand jury indicted him on narcotics and weapons charges. He was brought into federal custody on July 23, 2003, until he was returned to Illinois custody for sentencing on June 8, 2004, where he received a four year term of imprisonment. He was transferred to the Illinois Department of Corrections and released on June 11, 2004. He came into federal custody on June 26, 2004, and was sentenced to 78 months for the federal charges.

In July 2005, Kane filed a motion asking the sentencing court to correct or clarify his sentence. Kane argued that he was not being given credit for the ten and one-half month period he was in federal custody (July 23, 2003, through June 8, 2004) prior to his sentencing. Kane claimed the reason for this was that the sentencing court had not specified, in sentencing him, whether it had intended the sentence to be concurrent with or consecutive to, his state sentence. In denying Kane's motion, the sentencing court stated that the "error" did not appear to be a clerical error that could be corrected under Federal Rule of Criminal Procedure 26 and that the court lacked the authority under that particular provision of law to modify the sentence after the fact.

Kane then filed a motion to vacate, set aside, or correct his sentence under the provisions of 28 U.S.C. § 2255. Within that pleading, Kane reasserted his previous credit argument and requested that the court clarify his sentencing intention. After a full briefing, the Northern District of Illinois court denied Kane's motion, finding that a section 2255 motion was not the proper vehicle for Kane's challenge and that the proper procedural mechanism would be under 28 U.S.C. § 2241.

Thereafter, Kane filed a section 2241 petition, requesting credit for the ten and one-half month period he was in federal custody (July 23, 2003, through June 8, 2004).

The Government filed their Response, arguing that Kane failed to exhaust his administrative remedies and that, even if he had exhausted these remedies, he is not entitled to additional prison credit. Kane then filed his Reply to the Government's brief. This Order follows.

## Discussion

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); *Waletzki v. Keohane,* 13 F.3d 1079, 1080 (7th Cir.1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. 2241(c)(3). "Such relief is obtainable, however, only after a prisoner exhausts administrative remedies." *Carnine v. United States,* 974 F.2d 924, 927 (7th Cir.1992).

The Bureau of Prisons ("BOP") has established a system of administrative remedies through which federal inmates are given the opportunity to resolve grievances. 28 C.F.R. § 542.10 *et seq.* Inmates are encouraged to resolve their complaints informally in this process (BP-8), s*ee* 28 C.F.R. §§ 542.13. If informal resolution is insufficient, the inmate may file a formal complaint with the Warden within twenty days of the date on which the basis of the complaint occurred (BP-9), *see* 28 C.F.R. §§ 542.14. The Warden has twenty days in which to respond to

3

the inmate's complaint. If the inmate is not satisfied with the Warden's response, he may appeal the response to the Regional Office (BP-10). The Regional Office then has thirty days to answer the claim. He may file a final appeal with the Central Office in Washington, D.C. if the inmate is unhappy with the Regional Response (BP-11). The Central Office has forty days in which to respond. 28 U.S.C. § 542.18. It is through this process that Kane's claim should have been pursued initially.

The Government asserts that Kane failed to exhaust his administrative remedies and attached to its Response a print-out of the grievances he has filed while in federal custody. After a review of these grievances, it is clear that Kane has failed to exhaust his administrative remedies. Kane does not dispute, or even respond to, the assertion that he failed to exhaust his administrative remedies in his Reply brief.

Where a prisoner complains that errors have been made with respect to internal BOP policies and calculations, it is the BOP that must be given first opportunity to correct any such errors, and not this Court. Therefore, the Court finds that Kane has failed to exhaust his administrative remedies as required under *Carnine,* and his Petition must be dismissed. Kane's proper recourse is to exhaust the available administrative remedies before filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, and the Court need not reach the merits of Kane's claim.

## Conclusion

For the reasons set forth herein, the Kane's Petition for Writ of Habeas Corpus [#1] is dismissed without prejudice for failure to exhaust administrative remedies.

ENTERED this 6th day of February, 2009.

                                            _s/ Michael M. Mihm_____
                                            Michael M. Mihm
                                            United States District Judge